LAWRENCE HARTNETT, d. b. a., *vs.* CHARLES BAKER, p. b. r.

*Contract—Sale of Tomatoes—Failure to Give Correct Weight—Rescission of Contract—Other Remedy—Measure of Damages.*

1. If a default by one party is accompanied with an announcement of intention not to perform the contract upon the agreed terms, or if the default is accompanied with a deliberate demand insisting upon new terms different from the original agreement, the other party may treat the contract as being at an end. The default will not of itself ordinarily be sufficient to warrant a rescission; yet, under the particular facts and circumstances of the case, such default may be evidence of an intention no longer to be bound by the agreed terms of the contract.

2. Where there is a contract for the sale of tomatoes, even though the buyer on one or more occasions failed or refused to allow the seller the just and true weight for tomatoes delivered, that fact alone would not evince an intention on the part of the buyer no longer to be bound by the contract. And in the absence of some words or other acts or conduct of the buyer clearly indicating an intention of abandoning the agreement on his part, the seller is not warranted in rescinding, but is bound to continue the delivery of tomatoes in accordance with the terms of the contract.

3. If the seller sustained any injury by reason of the failure of the buyer to allow him correct weight, or to pay him for any tomatoes delivered, he may have a remedy in some other action; but he cannot treat such default as a rescission of the contract.

4. In an action like the present the measure of damages is the difference between the price at which the defendant contracted to furnish the tomatoes, and the price which the plaintiff paid for tomatoes to supply the place of those the defendant failed to deliver according to his contract.

(*November 9, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Richard R. Kenney* and *Arley B. Magee* for defendant below, appellant.

*Alexander M. Daly* and *John B. Hutton* for plaintiff below, respondent.

Superior Court, Kent County, October Term, 1903.

ACTION OF COVENANT (No. 6, April Term, 1903), to recover damages for failure on the part of the defendant to perform the covenants contained in an agreement under seal, made and executed by and between the plaintiff and the defendant, on the seventeenth day of March, 1902. The said agreement is fully set forth in the charge of the Court.

PENNEWILL, J., charging the jury :—

Gentlemen of the jury :—On March seventeenth, 1902, Charles W. Baker, the plaintiff, and Lawrence Hartnett, the defendant, entered into the following agreement:

" This agreement, made this 17th day of March, A. D. 1902, between Lawrence Hartnett, of Kent County, State of Delaware, party of the first part, and C. W. Baker, of Aberdeen, Maryland, party of the second part, witnesseth :—That the said party of the first part, for the consideration hereinafter mentioned, does hereby covenant and agree to sell and deliver to said C. W. Baker at his cannery at Hartley all the tomatoes grown on five acres of land, to be planted by the said party of the first part, on his farm situated near Hartley, during the season of 1902, the said tomatoes to be delivered in such state of ripeness and in such order as the said C. W. Baker shall require (otherwise the said C. W. Baker shall not be required to receive and pay for the same). It is also agreed that no tomatoes are to be delivered on Saturdays except by special agreement from time to time.

" In consideration wherefor the said C. W. Baker does hereby agree to pay the said party of the first part the sum of seven dollars per ton (2,000 lbs.) for the tomatoes delivered as aforesaid, the tomatoes to be weighed at the scales convenient to said cannery. The said C. W. Baker further agrees to pay for said tomatoes on September 15, and November 15, 1902.

"It is further agreed by the party of the first part that he will not grow or be interested in tomatoes other than those grown for

the party of the second part on the acres therein specified; that he will not permit any other person to grow tomatoes on the same farm unless they be for the said party of the second part.

"In witness whereof the said parties have hereunto set their hands and seals, the day and year aforesaid.

"In the presence of

"E. C. DALY.

"C. W. BAKER,     [SEAL]
(Per P. G. B.)
"L. H. HARTNETT."     [SEAL]

The agrement has been admitted in evidence, and is before you.

It is upon this agreement that the action you are now trying is based, for the plaintiff contends that the defendant committed a breach of said contract by failing to deliver to him the tomatoes as therein provided.

In this suit the plaintiff seeks to recover from the defendant damages for said breach, that is, for the non-delivery of the tomatoes according to the terms and provisions of the contract existing between them.

The defendant, while admitting the execution and delivery of the agreement, insists that he committed no breach thereof, but complied with its requirements until the plaintiff himself violated the agreement in such a manner as to justify the defendant in rescinding the contract and discontinuing the further delivery of tomatoes.

This contention of the defendant makes it necessary for us to charge you briefly upon the law respecting the rescission of contracts, and particularly what acts, words and conduct of one party will constitute in law a repudiation of the agreement which will warrant the other party in rescinding the same.

The law upon this subject was clearly laid down by the Supreme Court of the State in the case of *Johnson Forge Company*

29

*vs. Leonard and Company, 1 Pennewill's Delaware Reports, 104,* after a very careful and thorough examination of the authorities in this country and in England.

In that case the default alleged as the reason or excuse for rescinding the contract was the failure of the buyer to make a certain payment as stipulated by the agreement; and the Court said : " While it is quite impossible to lay down any absolute rule for guidance in all cases of this character under the varying facts and circumstances of the particular case, yet in our opinion the rule that will best promote the important commercial interests involved in contracts of this nature and one that will work out the most beneficial results in accordance with reason and justice, is, that if a default by one party is accompanied with an announcement of intention not to perform the contract upon the agreed terms ; or if, in the language of the Court below, the default is accompanied with a deliberate demand insisting upon new terms different from the original agreement, the other party may treat the contract as being at an end."

" We may further add," continued the Court, " that the default will not of itself ordinarily be sufficient to warrant a rescission. Yet under the peculiar facts and circumstances of the case such a default may be evidence of an intention no longer to be bound by the agreed terms of the contract."

In determining whether there has been a repudiation or abandonment of the contract by the party alleged to have first been in default so that the other party would be warranted in rescinding, the true test seems to be " whether the acts and conduct of the parties evince an intention no longer to be bound by the contract." If they do not evince such an intention, the other party has no right to treat the agreement as at an end, and refuse to be bound by its provisions.

In the case before you the acts and conduct of the plaintiff alleged by the defendant as a reason or excuse for his rescinding the contract, that is, for treating the agreement as at an end and

refusing to make further delivery of tomatoes, were that the plaintiff on one or more occasions failed or refused to allow the defendant the just and true weight for tomatoes delivered. Such failure or refusal to give true weight is denied by the plaintiff, and therefore is not an undisputed fact in the case. but even if it were not disputed that fact alone would not evince an intention on the part of the plaintiff no longer to be bound by the contract.

In the absence of some words, or other acts or conduct, of the plaintiff clearly indicating an intention of abandoning the agreement on his part, the defendant was not warranted in rescinding the same, but was bound to continue the delivery of tomatoes in accordance with the terms of the contract.

We charge you, therefore, that all the testimony in the case that has reference to the failure or refusal of the plaintiff to give or allow the defendant true or just weight for any tomatoes delivered, as well as the testimony respecting the scales by which such alleged false weight was determined, is to be disregarded by you, for such testimony constitutes no defense in this case.

If the defendant sustained any injury by reason of such alleged failure of the plaintiff to allow him correct weight, or to pay him for any tomatoes delivered, he may have a remedy against the plaintiff in some other action for the recovery of damages for such default, if any there was; but the defendant cannot avail himself of such alleged default of the plaintiff as a defense to this action.

We have been requested by counsel for the defendant to direct you to return a verdict in favor of the defendant, upon the ground that the agreement or contract sued upon, being for unliquidated damages and under seal as to the defendant, the action should have been in covenant and not in assumpsit.

This prayer, we think, it is not necessary for us to notice further than to say that under the pleadings, as they now stand, the action is an action of covenant.

Gentlemen of the jury, if you shall be satisfied from the evi-

dence in this case that the defendant did fail to deliver to the plaintiff any tomatoes grown on the land mentioned in the contract, your verdict should be in favor of the plaintiff, and for such sum as you believe from the testimony was the difference between the price at which the defendant contracted to furnish the tomatoes and the price which the plaintiff has shown by the testimony that he paid for tomatoes to supply the place of those the defendant failed to deliver according to his contract. In order for the plaintiff to recover, however, he must show that there were tomatoes grown by the defendant during the season of 1902 and not delivered, according to the contract. You must ascertain the quantity grown and not delivered, as well as the value, from the testimony in the case and from no other source. If you shall believe that all the tomatoes that were grown were delivered to the plaintiff in pursuance of the agreement, your verdict should be in favor of the defendant. In other words, if you shall not be satisfied by a preponderance of the evidence that the defendant failed to deliver his tomatoes to the plaintiff according to the terms and provisions of the contract existing between them your verdict should be for the defendant.

Verdict for plaintiff for six cents.